_____ FILED    _____ ENTERED
_____ LOGGED    _____ RECEIVED

JUL 1 6 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF MARYLAND
### *Southern Division*

PHILIPPE R. MALEBRANCHE,

    **Plaintiff,**

v.                             **Case No.: GJH-15-452**

COLLEEN A. JOHNSON,

    **Defendant.**

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

This is a defamation case brought by Plaintiff Philippe R. Malebranche against his former spouse, Defendant Colleen A. Johnson. *See* ECF No. 1. The alleged defamation arises from a letter sent by Johnson from her residence in Arizona to an individual located in New Jersey. Johnson has filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See* ECF No. 10. A hearing is unnecessary. *See* Local R. 105.6 (Md.). For the reasons that follow, Johnson's motion is GRANTED.

### I.    BACKGROUND

Malebranche and Johnson resided as a married couple in Maryland until they were granted a divorce by the Circuit Court for St. Mary's County, Maryland on September 13, 2013. *See* ECF No. 2 at ¶ 1 & ECF No. 11-1 at 3. Malebranche continues to reside in Maryland while Johnson now resides in Arizona. *See* ECF No. 2. On November 10, 2014, Johnson sent a letter to Malebranche's supervisor, Lieutenant Colonel Timothy Hassel, who was located in New Jersey. *See id.* at ¶ 4 & ECF No. 10-1 at 11. In the letter, Johnson wrote that Malebranche "is failing to make payments [to Johnson] per court order with regard to his military pension" and requested

Hassel's assistance in obtaining the funds. *See* ECF No. 10-1 at 11–12. She also wrote that Malebranche had violated the Uniform Code of Military Justice and demonstrated conduct "unbecoming of an officer," that Malebranche is a "serial cheater" who was convicted of adultery in a Maryland court, and that Malebranche mentally and physically abused her during the marriage. *See id.* & ECF No. 2 at ¶¶ 8–11.

Malebranche filed a defamation claim in the Circuit Court for St. Mary's County, Maryland on January 9, 2015 based on Johnson's letter. *See* ECF No. 2. Malebranche alleges that Johnson's letter harmed his reputation and caused him to lose a professional advancement opportunity and prospective income. *See id.* at ¶ 19–20.

Johnson filed a notice of removal in this Court on February 18, 2015, *see* ECF No. 1, and a motion to dismiss for lack of personal jurisdiction on February 23, 2015. *See* ECF No. 10. The Court will now address the motion to dismiss.

## II.     STANDARD OF REVIEW

When a case has been removed to federal court, the court has personal jurisdiction over a party if the state court from which that case was removed had personal jurisdiction over that party. *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners,* 229 F.3d 448, 450 (4th Cir. 2000) (citing *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 622 (4th Cir. 1997) ("[A] federal court may exercise personal jurisdiction over a defendant in the manner provided by state law.")). When a motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(2), the district court determines if personal jurisdiction exists, and the plaintiff must establish jurisdiction by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir. 1993)). The court may resolve a motion under Rule 12(b)(2) without

2

discovery or an evidentiary hearing. *See generally* 5B Wright & Miller, Federal Practice & Procedure §1351, at 274-313 (3d ed. 2004, 2012 Supp.). The court may address personal jurisdiction as a preliminary matter, ruling solely on the motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). In deciding a 12(b)(2) motion to dismiss, the court construes all jurisdictional allegations in the light most favorable to the plaintiff. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (internal quotation marks omitted).

**III.    DISCUSSION**

Personal jurisdiction over a nonresident defendant is proper when "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). "In applying Maryland's long-arm statute, federal courts often state that '[the] statutory inquiry merges with [the] constitutional inquiry.'" *Dring v. Sullivan*, 423 F.Supp. 2d 540, 544 (D. Md. 2006) (citing *Carefirst of Maryland, Inc.*, 334 F.3d 390, 396–97; *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135 (4th Cir.1996) (additional citations omitted)). However, personal jurisdiction under Maryland's long-arm statute is also required. *Mackey v. Compass Mktg, Inc.*, 892 A.2d 479, 493 n. 6 (Md. 2006) (stating that it is not permissible to simply dispense with analysis under the long-arm statute). Indeed, there may be cases where personal jurisdiction is proper under constitutional due process but not under Maryland's long-arm statute. *See Dring*, 423 F.Supp. 2d at 545 (citing *Krashes v. White*, 341 A.2d 798, 804 (Md. 1975) ("Perhaps fact situations will arise which will be deemed outside the scope of the Maryland 'long arm' statute,

although there may be a constitutional basis for jurisdiction over the nonresident defendant.")).

Thus, this Court first looks at Maryland's long-arm statute.

### A. Maryland's Long-Arm Statute

A plaintiff must specifically identify the Maryland statutory provision that authorizes

jurisdiction, either in his complaint or in opposition to a Rule 12(b)(2) motion. *See Ottenheimer*

*Publishers, Inc. v. Playmore, Inc.,* 158 F.Supp. 2d 649, 652 (D. Md. 2001). In his opposition to

Johnson's motion, Malebranche argues personal jurisdiction is proper under Md. Code, Courts &

Jud. Procs. Article ("CJP") § 6-103.1, § 6-103(b)(3), and § 6-103(b)(4). The Court will look at

each provision in turn.

### i.   § 6-103.1

Malebranche argues that Maryland has jurisdiction over Johnson under Md. Code, CJP §

6-103.1. Section 6–103.1 provides:

> A court may exercise personal jurisdiction over a nonresident
> defendant in any civil proceeding arising out of the marital
> relationship or involving a demand for child support, spousal
> support, or counsel fees if the plaintiff resides in this State at the
> time suit is filed and the nonresident defendant has been personally
> served with process in accordance with the Maryland Rules and:
> (1) This State was the matrimonial domicile of the parties
> immediately before their separation; or
> (2) The obligation to pay child support, spousal support, or counsel
> fees arose under the laws of this State or under an agreement
> executed by one of the parties in this State.

Generally, an action "arising out of a marital relationship" involves a dispute over a duty or right

that the marriage created. Thus, common examples are a claim for divorce, marital property, or

support payments. In essence, "arising out of" means the marriage's existence is the basis for the

cause of action. *See Altman v. Altman*, 282 Md. 483, 386 A.2d 766, 768 n.2 (Md. 1978)

(explaining that courts have found personal jurisdiction over nonresident defendants in alimony

4

suits where the nonresident committed marital wrongs in the forum state); *Glading v. Furman*, 383 A.2d 398, 402–03 (Md. 1978) (finding continuing jurisdiction over nonresident defendant over claim for child support in forum where award was issued); *Cf. Powers v. Parisher*, 409 S.E. 2d 725, 401–04 (N.C. Ct. App. 1991) (finding personal jurisdiction over nonresident was proper where resident brought claim for child support because statute provided for personal jurisdiction when the action arose out of the marital relationship).

Malebranche contends that his defamation suit arises out of the marital relationship because Johnson's letter—containing the alleged defamatory remarks—references actions that Malebranche took during the marriage. *See* ECF No. 11-1 at 6. Johnson responds that a discussion of actions that occurred during the marriage does not cause the letter, or the resulting defamation suit, to arise out of the marital relationship.[1] *See* ECF No. 12 at 7. Johnson is correct.

Malebranche's action is for defamation, an action that arose from his former spouse's letter, not from their former marriage. Indeed, the alleged defamation did not even occur during the marriage. Thus, while Johnson's allegedly defamatory letter may discuss the marriage, the civil action of defamation did not arise from the marriage. As such, Md. Code, CJP § 6-103.1 does not provide the Court with a basis for jurisdiction over Johnson.

### ii.   § 6-103(b)(3)

Malebranche also asserts that Maryland has jurisdiction over Johnson under Md. Code, CJP § 6-103(b)(3). This subsection provides that Maryland has personal jurisdiction over a person who "[c]auses tortious injury in the State by an act or omission in the State[.]" *See* CJP § 6-103(b)(3). Thus, both "the injury and the *act*" must occur in Maryland. *Aphena Parma*

---

[1] While Johnson also states that she was not "personally served" as required by Md. Code, CJP § 6-103.1, she was served via certified mail, and Maryland permits service of process through certified mail. *See* Md. R. 2-121(a).

5

*Solutions-Maryland LLC v. BioZone Labs, Inc.*, 912 F.Supp. 2d 309, 316 (D. Md. 2012) (citation omitted and emphasis added). It is not enough for Malebranche to feel the injury in Maryland when the act occurred elsewhere. *See id.* Although defamation occurs "wherever the offensive material is circulated or distributed," *TELCO Comm's v. An Apple A Day*, 977 F.Supp. 404, 408 (E.D. Va. 1997) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984)), there is no allegation that the letter was circulated or distributed in Maryland. Rather, Johnson attaches the letter to her motion and the letter is clearly addressed to Hassel in New Jersey.[2] *See* ECF No. 10-1 at 11–12. Because the alleged tortious act did not occur in Maryland, § 6-103(b)(3) does not provide Maryland with personal jurisdiction over Johnson.

### iii.    § 6-103(b)(4)

Malebranche also invokes subsection (b)(4) of Maryland's long-arm statute, which provides for jurisdiction where the defendant causes a tortious injury in or outside Maryland by an act outside Maryland "if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the state." Md. Code, CJP § 6–103(b)(4). Malebranche asserts that Johnson receives substantial revenue from Maryland through her alimony payments (which come from Malebranche in Maryland). *See* ECF No. 11-1 at 7–8. However, alimony is not a good, food, service, or manufactured product used or consumed in

---

[2] In his opposition to Johnson's motion, Malebranche makes a stray, unsupported reference to a "subject email" sent to Ausley Associates in Maryland. *See* ECF No. 11-1 at 10–11. There is no allegation regarding this "subject email" in the Complaint and Malebranche does not otherwise mention this email in his opposition. By contrast, Johnson filed a declaration indicating that she sent the letter to two people in New Jersey (members of the New Jersey Air National Guard) and one person (her former attorney) in Virginia. *See* ECF No. 12-1 at 2.

Maryland.[3] Thus, § 6–103(b)(4) does not provide a basis for personal jurisdiction, and

Malebranche has not sufficiently alleged personal jurisdiction over Johnson under Maryland's

long-arm statute. Even if he had, Malebranche would still need to satisfy the Court that

jurisdiction would be consistent with constitutional due process. *See Nichols,* 991 F.2d at 1199.

For the following reasons, Malebranche is unable to do so.

### B. Constitutional Due Process

Specific personal jurisdiction is present when the claim is "related to or 'arises out of' a

defendant's contacts with the forum."[4] *Helicopteros Nacionales de Colombia. S.A. v. Hall,* 466

U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977)). "To decide whether

the requisites of specific jurisdiction are satisfied in this case, it is necessary to consider how

they apply to the particular circumstance in which, as here, an out-of-state defendant has acted

outside of the forum in a manner that injures someone residing in the forum." *Carefirst of*

*Maryland, Inc.*, 334 F.3d at 397. In such a case, courts have applied what has become known as

the "effects test." This test originated with *Calder v. Jones,* 465 U.S. 783 (1984), where an

actress brought suit in California claiming that a reporter and an editor from the National

Enquirer had libeled her in an article written and edited in Florida. The Supreme Court held that

a court may exercise specific personal jurisdiction over nonresident defendants who acted

outside of the forum state but expressly aimed their actions at the forum state and knew that their

---

[3] Nor would one letter, that did not go to Maryland, support a finding of persistent course of conduct in Maryland. *See Dring,* 423 F.Supp. 2d at 546 (finding that one e-mail, standing alone, would not support a finding of persistent conduct).

[4] "The nature of the claim and the defendant's contacts with the forum state determine whether a court may assert specific or general personal jurisdiction." *Johansson Corp. v. Bowness Constr. Co.,* 304 F.Supp.2d 701, 703 (D. Md. 2004). General jurisdiction may be exercised where a defendant maintains "continuous and systematic" contact with the forum state. *Helicopteros,* 466 U.S. at 415 (quoting *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 438 (1952)). Here, Malebranche's argument relates to specific and not general jurisdiction.

actions would cause harm in the forum state. *Id.* at 789–90. In *Carefirst of Maryland, Inc.*, the
Fourth Circuit stated that:

> This "effects test" of specific jurisdiction is typically construed to
> require that the plaintiff establish that: (1) the defendant committed
> an intentional tort; (2) the plaintiff felt the brunt of the harm in the
> forum, such that the forum can be said to be the focal point of the
> harm; and (3) the defendant expressly aimed his tortious conduct at
> the forum, such that the forum can be said to be the focal point of
> the tortious activity.

*See* 334 F.3d at 398 n.7 (citing *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254,
265–66 (3d Cir. 1988)).

Malebranche relies on *Calder* to assert that personal jurisdiction exists in this case
because, he argues, Johnson knew he would feel the harm of her defamation in Maryland. *See*
ECF No. 11-1 at 8. However, unlike in *Calder*, where the magazine that ran the alleged
defamation had its highest circulation in California, *see* 465 U.S. at 789–90, Malebranche has not
alleged that Johnson's letter was sent or circulated in Maryland.[5] Thus, under Malebranche's
logic, a defendant in a defamation case would have minimum contacts with any state in which
the plaintiff resides. However, "the effects test does not supplant the minimum contacts analysis .
. . ." *Consulting Engineers Corp.,* 561 F.3d at 280. Indeed, if it did then "jurisdiction would
depend on a *plaintiff's* decision about where to establish residence." *ESAB Group, Inc.,* 126 F.3d
at 625–26 (emphasis in original). While plaintiff's residence, and therefore his place of injury,

---

[5] Malebranche does assert in his opposition that Johnson's statement that the letter was sent to
New Jersey and Virginia and not Maryland is a false representation of the facts. *See* ECF No. 11-
1 at 11. However, he does not provide any counter representation of facts other than the stray,
unsupported comment noted earlier. Instead, he asserts that "[t]here can be no dispute that the
economic effects resulting from the defamatory communication experienced by the plaintiff have
taken place and will continue to take place in Maryland." *See id.* But that is not the same as
alleging that the letter was sent to Maryland or that Maryland was otherwise the focal point of
the alleged tortious activity.

may affect the minimum contacts test, "it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." *Id.* at 626.

Malebranche cannot show that Johnson aimed her conduct at Maryland simply because Malebranche lives in Maryland. Johnson sent the letter to the commander of the 119th Fighter Squadron of the New Jersey Air National Guard in New Jersey, with a copy sent to another officer in New Jersey and to Johnson's lawyer in Virginia. *See* ECF No. 12-1 at 2 & 5. In it, she explains that Malebranche was recently hired as a pilot for the 119th Fighter Squadron (presumably in New Jersey). *See id.* While she discusses events that occurred in Maryland, she requests that the commander, who is located in New Jersey, aid her in receiving her alleged share of pension funds from Malebranche. *See id.* at 5–6. Thus, Maryland is not the focal point of the alleged defamation. Johnson's knowledge of Malebranche's residence in Maryland is not enough for the Court to infer that Johnson expressly aimed the alleged tortious conduct at Maryland. *See, e.g., Clemens v. McNamee*, 608 F. Supp. 2d 811 (S.D. Tex. 2009), *aff'd*, 615 F.3d 374 (5th Cir. 2010) (finding the knowledge of likely harm insufficient to make a prima facie showing that Texas was the focal point of the statements in a defamation case).

### C. Discovery Request

Malebranche contends that discovery should be conducted to determine if personal jurisdiction is proper. *See* ECF No. 11-1 at 12. "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Maryland, Inc.*, 334 F.3d at 402–03 (citing *McLaughlin v. McPhail,* 707 F.2d 800, 806 (4th Cir.1983) (holding that district court did not abuse its discretion in denying jurisdictional discovery when, "[a]gainst the defendants' affidavits," plaintiff "offered nothing beyond his bare allegations that the defendants had [] significant contacts with the

9

[forum] state of Maryland")) (internal quotation marks omitted) (additional citations omitted). Here, Malebranche does not offer anything more than speculation or conclusory assertions nor does Malebranche indicate what additional information would be needed to establish that personal jurisdiction would be proper. Indeed, Malebranche simply states that jurisdictional discovery is necessary without reference to the purpose that such discovery would serve. *See* ECF No. 11-1 at 12. Discovery on the issue of personal jurisdiction will not be permitted.

## IV.   CONCLUSION

Malebranche has failed to properly allege personal jurisdiction under Maryland's long-arm statute or under constitutional due process. Johnson's contacts with Maryland are not sufficient for personal jurisdiction in this case. *See Dring*, 423 F.Supp. 2d 540 ("When the facts present even a close question, '[i]t would not be in the interests of the parties . . . to litigate this case in Maryland, only to have a ruling upholding the assertion of jurisdiction over [Defendant] reversed on appeal.'") (citation omitted). Accordingly, this case is DISMISSED for lack of personal jurisdiction.

A separate Order follows.

Dated: July __16__, 2015

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE